PEITRO IMBENINATO, RESPONDENT, v. MAX MENDL, APPELLANT.

Submitted July 8, 1918—Decided October 11, 1918.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is an ejectment suit based on an alleged encroachment of defendant's garage building over plaintiff's line. The pleadings and judgment erroneously describe plaintiff's entire property as conveyed to him by deed, as well that part of which he is in possession at the beginning of the suit, as that part of which defendant had, as he claimed, deprived him, and which is all that he should have sued for. No question is raised, however, about the description of the land in dispute.

"Plaintiff had a judgment and defendant appeals.

"The grounds of appeal are that the court erred in denying a nonsuit and a direction for the defendant; in refusing to strike out certain testimony; in refusing defendant's fourth request to charge; and that the verdict was contrary (*a*) to the weight of evidence, and (*b*) to law. This last points out no error in the conduct of the trial and is therefore not considered. The refusal to charge is not argued and is therefore not considered.

"The crucial point in the case was the location of the southerly line of an old street called Inness Place, which had disappeared on the ground because merged in the opening of Central avenue. The description of plaintiff's lot began one hundred feet south of this line of Inness Place, and called for eighteen feet frontage on Lock street. There being no existing monument to mark Inness Place, plaintiff undertook to show where it should be and where his own lot should be, by testimony of surveyors and others as to the general layout of the block, including buildings and fence lines. Defendant's case rested largely on maps filed in the city hall relating to the opening of Central avenue, assessment of taxes, and so on.

"As the case developed there was a plain question of fact whether the jury were to accept the evidence of the city maps and other evidence favoring defendant, or adopt the location of plaintiff's lot as worked out by his surveyors by examination of the property lines marked on the ground. They chose the latter, and on this appeal it is not for us to question their finding if there was legal evidence to support it, and there was such evidence. Hence, the motions to nonsuit and to direct were properly denied.

"The sole remaining point is the refusal of the court to strike out certain evidence. This is somewhat obscure in the printed record, and appellant's counsel has nowhere pointed out where in the book the precise ruling appears of which he complains. We have searched the book for an exception in this regard and find that in the examination of the witness Acocella objection was made to the testimony of the location of fences of other property, and the court said it might be struck out if not connected with an old monument. The next mention of the matter seems to have been at the close of the testimony, when a motion was made to strike out the testimony of all the witnesses so far as it relates to old locations, apparently on the ground that there was nothing to fix them, or any of them, as old locations. In our judgment, the testimony of Lehlbach and Smith, not to mention others, indicated old locations, and if there was any such testimony there was no error in refusing to strike it all out.

"We find no error calling for a reversal and the judgment will therefore be affirmed."

For the respondent, *Anthony R. Finelli.*

For the appellant, *Charles Hood.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.  11.

*For reversal*—None.